DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's pro se motion to correct an inaccuracy in his criminal history record.
 {¶ 2} In 1972, appellant, Daniel Lee Rittner, Sr., was indicted for assault upon a minor, a felony in violation of former R.C. 2903.01. Appellant pled not guilty but later changed his plea to guilty of a misdemeanor charge of indecent exposure. The trial court accepted appellant's guilty plea and sentenced him to six months in the Lucas County Jail.
 {¶ 3} In 2003, appellant, now incarcerated on an unrelated conviction, discovered that the Bureau of Criminal Identification Investigation ("BCII") retained inaccurate information about appellant's criminal history. A 2003 BCII computer print-out of appellant's criminal history record reflects that, in 1972, appellant was convicted of assault upon a minor rather than indecent exposure.
 {¶ 4} On August 11, 2003, appellant wrote to the Chief of the Toledo Police Department ("TPD") to request that TPD correct appellant's criminal history record. In a letter dated August 28, 2003, the chief informed appellant that TPD had forwarded appellant's letter to BCII, along with a certified journal entry of the trial court and a formal request from TPD to BCII's "Expungement Department" to correct the entry for appellant's 1972 charges.
 {¶ 5} In a letter dated December 2, 2003, BCII advised appellant that BCII functions as a repository of criminal history records that are submitted by courts and local, state, and federal law enforcement entities. Hence, "[i]f an error is validated, the onus is on the local courts or law enforcement entity to rectify the submission."
 {¶ 6} On July 2, 2004, appellant filed a pro se "motion to seal and expunge record instanter prusuant [sic] to R.C. 2953.52." Appellant attached a memorandum in support that included copies of the accurate 1972 criminal docket sheet of the Lucas County Common Pleas Court and the erroneous BCII record.
 {¶ 7} On August 31, 2004, appellant filed a pro se "motion to construe motion to expunge as motion to correct falsely reported criminal history record." On October 25, 2004, based on "careful review of R.C. 2953.31 2953.32 and the report provided by Lucas County Adult Probation Department," the trial court denied appellant's "motion to seal and expunge." On the same day, the trial court denied appellant's "motion to construe motion to expunge as motion to correct falsely reported criminal history record."
 {¶ 8} Appellant now, pro se, appeals the trial court's denial of his motion to correct the inaccurate criminal history record, setting forth two assignments of error: 1) that the trial court abused its discretion, committed plain error, and rendered a decision contrary to the weight of the evidence when it denied appellant's motion to correct his criminal record; and, 2) that the trial court erred by failing to liberally construe appellant's pro se motion to correct his criminal history record.
 I. {¶ 9} In his first assignment of error, appellant argues that the weight of the evidence, offered by the trial court's 1972 journal entry of appellant's conviction and the admission of the TPD regarding the inaccuracy of the BCII record, required the trial court to allow appellant's "motion to correct falsely reported criminal history record." Appellant argues that the inaccurate record of his criminal history, as reported by TPD and BCII, has cost him employment, enhanced his sentence in a subsequent criminal conviction, and prejudiced his review by the Ohio Adult Parole Authority. In addition, appellant argues that the inaccuracy threatens to enhance his sentence in a pending criminal case.
 {¶ 10} On appeal, proceedings to expunge criminal records are reviewed under an abuse of discretion standard. State v.Lesinski, (1992), 82 Ohio App.3d 829, 830-831. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} There are only two methods by which individuals may qualify for the expungement and sealing of criminal records. R.C.2953.32; R.C 2953.52; State v. Chiaverini (Mar. 16, 2001), 6th Dist. N. O. L-00-1306. R.C. 2953.32 provides for the expungement of a conviction for a first time offender; and, R.C. 2953.52
provides for those individuals who were charged but not convicted. R.C. 2953.32; R.C 2953.52; State v. Chiaverini,
supra.
 {¶ 12} Because appellant is neither a "first offender" as required under 2953.32(A), nor was he exonerated of the original charge as required under R.C. 2953.52(A)(1), appellant fails to meet the statutory criteria for expungement of his criminal record. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to expunge. We conclude, therefore, that appellant's first assignment of error is not well-taken.
 II. {¶ 13} In his second assignment of error, appellant asserts that the trial court erred by failing to liberally construe his pro se motion to correct the BCII record. While Ohio courts may grant latitude to pro se parties on minor technical matters, pro se litigants are not free to disregard substantive matters or the rules of civil procedure. State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199, 206-207.
 {¶ 14} Regardless of whether the trial court recognized that appellant was seeking to correct rather than expunge his criminal record, it was within the court's discretion to deny appellant's motion because procedurally it was the wrong vehicle. The state suggests that the proper approach for appellant would have been to petition the trial court for a writ of mandamus to compel BCII to correct its records. The state also suggests, however, that even if appellant had taken the proper approach, his petition for writ of mandamus would have failed because BCII has no clear duty to correct appellant's erroneous criminal history record.
 {¶ 15} The state cites State ex rel. Hattie v. Goldhardt
(1994), 69 Ohio St.3d 123, to suggest that BCII has no demonstrable duty to maintain accurate criminal history records.Hattie, however, involved the Adult Parole Authority and was decided on due process grounds, and is, therefore, distinguishable and not dispositive of the present case. Id. at 125-126.
 {¶ 16} The Supreme Court of Ohio has not considered whether Ohio law creates an independent legal duty to maintain accurate records. State ex rel. Hattie v. Goldhardt, supra at 125, FN 1. We note, however, that every trial court of record must provide BCII with disposition data on "each case involving a felony, * * * any crime constituting a misdemeanor on the first offense and a felony on subsequent offenses, [o]r * * * a misdemeanor described in division (A)(1)(a) of section 109.572." R.C.109.57(A)(2). It seems absurd for the Ohio legislature to have intended that BCII maintain inaccurate data. It is presumed that the legislature does not intend absurd results from its enactments. R.C. 1.47(C); Pawlowski v. Pawlowski (1992),83 Ohio App.3d 794, 799.
 {¶ 17} The trial court was not, however, obligated to re-write appellant's pro se motion or to formulate for appellant an argument that BCII has a clear duty to correct appellant's criminal record. See State ex rel. Karmasu v. Tate (1992), supra at 206. Because the trial court could have extended no reasonable liberality in construing appellant's pro se motion that would have saved it from summary dismissal, appellant's second assignment of error is not well-taken.
 {¶ 18} On consideration, the judgment of the Lucas County Court of Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.