[Cite as *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

The STATE OF OHIO,

     APPELLEE,                                 CASE NO. 12-10-08

     v.

WRIGHT,                                     O P I N I O N

     APPELLANT.

Appeal from Putnam County Common Pleas Court

Trial Court No. 2003-CR-12

Judgment Reversed and Cause Remanded

Date of Decision: December 20, 2010

APPEARANCES:

     Jennifer L. Klausing, for appellee.

     Karen Wright, for appellant.

**ROGERS, Judge.**

{¶ 1} Defendant-appellant, Karen Wright, appeals the judgment of the Court of Common Pleas of Putnam County denying her application to seal the records of her conviction for forgery. On appeal, Wright argues that the trial court abused its discretion in failing to conduct a hearing on her application pursuant to R.C. 2953.32. Based upon the following, we reverse the judgment of the trial court.

{¶ 2} In March 2003, in the Court of Common Pleas of Putnam County, Wright pleaded guilty to one count of forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. Thereafter, in June 2003, the trial court sentenced Wright to a 20-day jail term and three years of community control.

{¶ 3} In April 2010, Wright filed a pro se "Request for Expungment" [sic], pursuant to R.C. 2953.32, asserting that she had only one felony conviction, and requesting that the trial court seal the record of her first offense. The record does not reflect that the trial court set a date for a hearing on the matter or held a hearing. Shortly thereafter, the trial court denied Wright's request, stating, "The Court, having carefully considered said motion, finds it *not well taken*." (Emphasis sic.)

**{¶ 4}** The state supplemented the record on appeal to contain Wright's presentence investigation, revealing that she had the following record as an adult: one count of assault, one count of domestic violence, one count of petty theft, and one count of operating a vehicle with no valid operator's license.

**{¶ 5}** It is from the trial court's judgment that Wright appeals, presenting the following assignment of error for our review.

> The trial court erred and abused its discretion when it failed to conduct a hearing in accordance with R.C. 2953.32(B) on an application for expungement of a conviction.

**{¶ 6}** In her sole assignment of error, Wright contends that pursuant to R.C. 2953.32(B), the trial court was required to hold a hearing on her application to seal the records of her conviction for forgery. Specifically, Wright argues that the statute indicates that a hearing is mandatory. The state concedes that R.C. 2953.32(B) requires the trial court to hold a hearing on an application to seal records of a conviction but contends that Wright's presentence-investigation report included a list of her convictions for assault, domestic violence, petty theft, and operating a vehicle with no valid operator's license; that from this report, Wright was clearly not a first offender pursuant to R.C. 2953.32(A)(1); that consequently Wright was ineligible to apply for sealing of her forgery conviction records; and that because the trial court was aware of Wright's prior convictions that rendered

her ineligible as a first offender, a hearing was unnecessary. Alternately, the state argues that even if the trial court's failure to hold a hearing was in error, the error was harmless because Wright was ineligible. We agree with Wright and disagree with the state's arguments.

{¶ 7} We review a trial court's decision to deny an application to seal a record under an abuse-of-discretion standard. *State v. Haidet*, 3d Dist. No. 8-02-25, 2003-Ohio-937, ¶5.

{¶ 8} R.C. 2953.32 governs the sealing of records of a first offender and provides:

> (A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
>
> * * *
>
> (B) Upon the filing of an application under this section, the court *shall* set a date for a hearing and *shall* notify the prosecutor for the case of the hearing on the application.

(Emphasis added.)

{¶ 9} This court and many other courts have found that once an offender files an application to seal his records under R.C. 2953.32, a hearing is mandatory,

-4-

and we are bound by that precedent. See *State v. Looney*, 3d Dist. No. 14-86-34, 1988 WL 138002, citing *State v. Saltzer* (1984), 14 Ohio App.3d 394. See also *State ex rel. Gains v. Rossi*, 7th Dist. No. 98-CA-51, 1999 WL 148364; *State v. Bauer*, 2d Dist. No. 15316, 1996 WL 144201; *Middletown v. Egelston*, 12th Dist. No. CA85-08-097, 1986 WL 3294; *State v. Starkey*, 11th Dist. No. 90-T-4463, 1991 WL 26772, *1 (Christley, P.J., concurring) ("A summary denial of the petition prior to hearing was clearly *not* contemplated by the legislature. It may well be that an *oral* hearing is not always required; nevertheless, once the petitioner [claims] to be a first offender, an opportunity is required for the petitioner to submit evidentiary material as well as his or her arguments concerning that and other issues" [emphasis sic]). We emphasize the *Starkey* concurrence finding that an *oral* hearing is not always required. See also *State v. Williams*, 3d Dist. No. 1-10-24, 2010-Ohio-5193, ¶8 (Rogers, J., dissenting, citing *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, finding that "[i]t is acceptable practice * * * for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded").

{¶ 10} This court has further emphasized that in determining whether to seal a record, "'[t]he court *shall* do each of the following: (a) Determine whether the applicant is a first offender * * *; (b) Determine whether criminal proceedings

are pending against the applicant; (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court; (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection; (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.'" (Emphasis sic.) *Haidet*, 2003-Ohio-937, at ¶5, quoting R.C. 2953.32(C)(1).

{¶ 11} The Fifth Appellate District has held that when an appellant is not eligible to have her conviction sealed, a trial court does not err in entering judgment and overruling the appellant's motion without first hearing the merits of the motion. *State v. Rose*, 5th Dist. No. 04 CA-04-027, 2004-Ohio-4433, ¶10; *State v. Poole*, 5th Dist. No. 1116, 1995 WL 809875. However, *Rose* involved a request to seal records of a domestic-violence conviction, for which R.C. 2953.36(C) prohibits sealing ("2953.35 of the Revised Code [does] not apply to any of the following: * * * (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony"). Similarly, *Poole* involved an application to seal records of a conviction for gross sexual imposition,

for which R.C. 2953.36 prohibits sealing.  See also *Aurora v. Bulanda*, 11th Dist. No. 95-P-0130, 1996 WL 648995 (finding that a trial court did not err in failing to hold a hearing on an application to seal records of a conviction for driving while intoxicated, for which R.C. 2953.36 prohibits sealing).

{¶ 12} In contrast, courts examining situations more similar to the situation before us, in which the applicant may have been ineligible because he or she was not a first offender, have nevertheless found a hearing on the application to be mandatory.  See *State v. Hagopian*, 10th Dist. No. 98AP-1572, 1999 WL 731381; *State v. Woolley*, 8th Dist. No. 67312, 1995 WL 143808.  In *Hagopian*, the trial court summarily denied an appellant's application to seal records of his criminal record after setting a date for a hearing but failing to conduct a hearing on the matter.  On appeal, the state contended that because the appellant was not a first offender and thus could not satisfy the requirements of R.C. 2953.31(C)(1)(a), the trial court did not err in failing to hold a hearing, as it would serve no purpose. However, the court found the situation analogous to *Woolley*, in that "(1) the state opposed the application on the grounds that the applicant was not a first offender, (2) no hearing was held on the application, and (3) the trial court did not indicate in its entry denying the application that any of the factors set out in R.C. 2953.32(C) were considered," and found that "a hearing is required under R.C.

2953.32(B) for any application for expungement." Moreover, the court noted that it could not determine that a hearing was futile from the record, because it contained no evidence that the applicant was not a first offender apart from the state's undocumented contention.

{¶ 13} The facts before us differ slightly from those in *Hagopian*, as the record in the case sub judice contains a presentence-investigation report revealing that Wright had been previously convicted of several offenses, including assault and domestic violence.[1] However, as in *Hagopian* and *Woolley*, the trial court here did not indicate in its entry why the application was denied, such as by setting forth that it had considered factors in R.C. 2953.32(C). Further, in this case, the record does not reflect that the state filed any opposition to Wright's application or that the trial court set a date for a hearing, oral or nonoral, on the matter. Given the circumstances of this case, we are persuaded that the trial court was required to conduct a hearing prior to deciding Wright's application, particularly given that R.C. 2953.32(C)(1)(a) provides that one of the purposes of the hearing is for the trial court to determine whether the applicant is a first offender.

{¶ 14} Accordingly, we sustain Wright's assignment of error.

---

[1] We reiterate that the state supplemented the record on appeal to contain Wright's presentence investigation; thus, it is not clear whether the presentence investigation was before the trial court when it denied her application.

**{¶ 15}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded

WILLAMOWSKI, P.J., concurs.

PRESTON, J., concurs in judgment only.