[Cite as *State v. M.S.*, 2013-Ohio-828.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98892**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# M.S.

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-416852

**BEFORE:** McCormack, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Co., L.P.A.
38109 Euclid Avenue
Willoughby, OH 44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, M.S., appeals from a judgment of the trial court that denied her application to expunge her criminal record. For the following reasons, we reverse and remand to the trial court.

**{¶2}** In 2002, M.S. pleaded guilty to drug trafficking, a fourth degree felony, in the Cuyahoga County Court of Common Pleas. She was sentenced to one year of community control sanctions for the conviction. In 2005, she applied for an expungement of the record of conviction. The state opposed the application, and the trial court summarily denied it, without a hearing.

**{¶3}** On April 19, 2012, M.S. filed another application for expungement. The court ordered an expungement report/investigation, but the docket does not reflect the report was either completed or filed. The state again opposed her application, alleging she was ineligible because she was not a first offender — the state alleged she had an aggravated criminal trespass and assault conviction in Kent, Ohio in 1998, and had previously received an expungement of other convictions from a court in Bedford, Ohio. The state, however, did not present any documentation of its allegations for the trial court's review.

**{¶4}** On August 3, 2012, the trial court, without a hearing, again summarily denied M.S.'s application for expungement.

**{¶5}** M.S. now appeals, raising one assignment of error. She contends the trial court abused its discretion in denying her application for expungement because it failed to hold a hearing before denying her application and also failed to liberally apply the factors set forth in R.C. 2953.32(C) in her favor.

**{¶6}** We review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246, ¶ 7 (3d Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶7}** At the time M.S. filed her application, R.C. 2953.32(A)(1) provided that a "first offender" could apply to seal a record of conviction. To be eligible, an applicant must be a "first offender" as that term was defined in R.C. 2953.31(A).[1] Moreover, the offense must not be excepted by R.C. 2953.36, which excludes, among others, an offender who has been convicted of an offense of violence. Additionally, the application must not be filed until three years have expired if the conviction is a felony or one year in the case of a misdemeanor.

---

[1] We note the legislature revised the statute, and effective September 28, 2012, the statute now refers to "eligible offender," instead of "first offender." Generally, an "eligible offender" means someone who has no more than one felony conviction, no more than two different misdemeanor convictions, or no more than one felony conviction and one misdemeanor conviction. R.C. 2953.31. *See also State v. Mooney*, 10th Dist. No. 12AP-376, 2012-Ohio-5904, ¶ 7.

**{¶8}** Furthermore, R.C. 2953.32(B) states that upon the filing of an application to seal the record, "the court *shall* set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." (Emphasis added.)

**{¶9}** Former R.C. 2953.32(C)(1) set forth factors the court must consider in an application to seal the record of conviction. The court must (1) ascertain whether the applicant is a first offender, (2) determine whether criminal proceedings are pending against the applicant, (3) satisfy itself whether the applicant has been rehabilitated to the court's satisfaction, (4) consider any objections raised by the prosecutor, and (5) weigh the interests of the applicant in having the records pertaining to his or her conviction sealed against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.32(C)(1)(a)-(e). *See also State v. M.D.*, 8th Dist. No. 97300, 2012-Ohio-1545, ¶ 6.

**{¶10}** "R.C. 2953.32 provides for an emphasis on the individual's interest in having the record sealed." *M.D.* at ¶ 7, citing *State v. Hilbert*, 145 Ohio App.3d 824, 764 N.E.2d 1064 (8th Dist.2001). "The statute also acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute. Nonetheless, courts must liberally construe R.C. 2953.32 in favor of promoting the individual's interest in having the records sealed." (Internal citations omitted.) *M.D.* at ¶ 7.

**{¶11}** Here, the trial court denied M.S.'s application without a hearing in contravention of the statutory requirement for a hearing. This court has repeatedly held

that a hearing is mandatory in an application for expungement, and a failure by the trial court to hold a hearing is grounds for reversal. *See State v. R.A.*, 8th Dist. Nos. 97550 and 97551, 2012-Ohio-2507, ¶ 6.[2] Therefore, we must reverse and remand this matter to the trial court for a hearing.

{¶12} The state concedes the trial court's error on appeal. The assignment of error is sustained.[3]

{¶13} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[2] In a recent decision, *State v. J.K.*, 8th Dist. No. 96574, 2011-Ohio-5675, a panel of this court departed from our long line of cases and held that an expungement hearing is not necessary where the state raises purely an issue of law when opposing the application for expungement. This case is distinguishable from *J.K.*, because in *J.K.*, the applicant was convicted for arson, which was an offense of violence excepted under R.C. 2953.36 for expungement, and therefore, the application involved only a question of law. Here, we recognize that whether an applicant is considered a first offender is an issue of law. *State v. Oravec*, 8th Dist. No. 96654, 2011-Ohio- 5831, ¶ 5. However, there is a question of fact regarding what the alleged prior conviction was because the state did not provide any documentation for the allegation.

[3] Finally, we note that this is the second application filed by M.S. to seal her record of the 2002 conviction and she did not appeal the trial court's denial of her first application. Her claim, however, is not barred by res judicata. *See State v. Minch*, 8th Dist. No. 87820, 2007-Ohio-158 (where no hearing was provided in the original motion to seal the record as required by the statute, res judicata did not apply to bar a second request to seal the record).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR