[Cite as *State v. Rinehart*, 2014-Ohio-432.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA21 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| ROBERT RINEHART, JR., | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | Released: 02/04/2014 |

APPEARANCES:

Richard P. Arthur, Dayton, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.:

{¶ 1} This is an appeal of a judgment from the Highland County Court of Common Pleas denying appellant's Motion for Sealing of Records. In 1990, Robert Rinehart Jr., defendant below and appellant herein, pled guilty to one count of Trafficking in Marijuana, a fourth degree felony, in violation of R.C. 2925.03(A)(3). On January 26, 2012 appellant filed a Motion for Sealing of Records by and through his attorney Samuel S. Latham. On May 6, 2013 appellant filed another Motion for Sealing of Records *pro se*, asking the court to seal the aforementioned conviction. The trial court denied the appellant's motion for sealing of records finding that appellant was not eligible for expungement.

{¶ 2} For the following reasons, we sustain appellant's sole assignment of error and remand this cause for further proceedings consistent with this opinion.

{¶ 3} On appeal, appellant sets forth the following assignment of error:

First Assignment of Error:

>THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION
>
>FOR SEALING OF RECORDS.

{¶ 4} In 1990, appellant, Robert Rinehart, Jr. pled guilty to Trafficking in Marijuana, a fourth degree felony. On January 26, 2012 and on May 6, 2013, appellant requested the Highland County Court of Common Pleas to seal the records of his prior conviction. When denying appellant's motion to seal the records, the trial court noted that appellant had a previous conviction for Solicitation in Montgomery County, Ohio in 1999. Although the Solicitation conviction had been expunged, the trial court found that the expungement had been granted illegally since the conviction in the Highland County Court existed prior to the Solicitation conviction. The court found the expungement in the Solicitation case a nullity because appellant "was not a 'first time offender' as is required by ORC 2953.32." Therefore, the trial court found appellant to be "not eligible for expungement" and denied appellant's motion for sealing of records.

{¶ 5} In his sole assignment of error, appellant argues that the trial court did not comply with Ohio's current law regarding the sealing of criminal convictions. He contends that the new law as of June 26, 2012, Senate Bill 337, changed the words "first offender" to "eligible offender" to define a person qualified to apply for a sealing of a criminal record.

{¶ 6} "We review a trial court's decision to deny an application to seal a record under an abuse-of-discretion standard." *State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354, ¶ 11 quoting *State v. Wright,* 191 Ohio App.3d 647, 947 N.E.2d 246,

2010–Ohio–6259, at ¶ 7.  However, "the determination of [defendant's] status as an [eligible] offender is a question of law subject to an independent review by this court without deference to the trial court's decision."  *Clark* at ¶ 16 quoting *State v. Derugen*, 110 Ohio App.3d 408, 410, 674 N.E.2d 719 (3rd Dist.1996).

{¶ 7} Here, the trial court decided: "that defendant is not eligible for expungement."  Appellant argues that the trial court did not comply with the current law when it denied his motion to seal his record.  Appellant sets forth that the law no longer uses the word "first offender" when defining individuals eligible for expungement.

{¶ 8} Under the former provisions of R.C. 2953.32, a "first offender" was permitted to apply to the sentencing court for sealing of a conviction record.  *State v. Reedus*, 10th Dist. Franklin No. 12AP-1066, 2013-Ohio-2752, ¶ 5.  "Under former R.C. 2953.31(A), a 'first offender' was defined in part as one 'who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction.' "  *State v. Banks*, 10th Dist. Franklin No. 13AP-350, 2013-Ohio-4890, ¶ 9.

{¶ 9} In 2012, "first offender" was changed to "eligible offender" and defined as: "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or *not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction*."  R.C. 2953.31(A). (Emphasis added.)

{¶ 10} "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling."  *State v. LaSalle*, 96 Ohio St.3d

178, 2002-Ohio-4009, paragraph two of the syllabus. The effective date of the changes to these relevant statutes is September 28, 2012. *See Reedus* at ¶ 2 fn. 1. Therefore, motions to seal records filed before that date are controlled by the "first offender" definition, while those after that date are controlled by the "eligible offender" definition. Here, appellant filed his first motion to seal his records on January 26, 2012 and his second motion to seal his records on May 6, 2013. The record does not reflect that Appellant had filed a motion to withdraw the January 26, 2012 motion. Nor does the record reflect that the trial court ruled on the January 26, 2012 motion.

{¶ 11} The only documents appearing in the record after the January 26, 2012 motion for sealing of records is 1) entry dated January 26, 2012 which ordered the Probation Department to prepare and file a report to assist the trial court in its decision to address appellant's motion; 2) motion for continuance of the hearing on appellant's motion dated March 13, 2012; and 3) an order granting the requested continuance dated March 15, 2012. After the order granted the continuance, no other documents appear in the record until the second motion for sealing of records was filed on May 6, 2013.

{¶ 12} It is problematic that both motions to seal the appellant's records were pending at the time that the trial court denied the motion to seal records. The first motion was filed prior to the change in the statutes while the second motion was filed after the change in the statutes. The judgment entry denying the motion to seal records does not reflect which motion the trial court was denying. However, we find that the second filing of the motion to seal on May 6, 2013 acted as an implicit withdrawal of the original motion. Therefore, the law in effect on May 6, 2013, will be controlling.

{¶ 13} A conviction outside of the record, separate from this case, and in another county plays a major role in this case. In its judgment entry denying appellant's motion, the trial court concluded that the expungement of appellant's 1999 Solicitation conviction is a nullity because he was not a "first offender," presumably due to his conviction in this case herein of Trafficking in Marijuana. Our record contains no evidence of the 1999 Solicitation conviction, other than the June 17, 2013 Judgment Entry where it is referenced.

{¶ 14} Even if we accept the trial court's finding of the conviction, we do not know whether the Solicitation conviction was a felony or a misdemeanor. R.C. 2907.24(C)(1) provides that soliciting is a misdemeanor of the third degree if a person solicits another to engage with such other person in sexual activity for hire. According to R.C. 2907.24(C)(2), solicitation after a positive HIV test is a felony of the third degree if the offense was committed on or after July 1, 1996 and the person with knowledge that he has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome then solicits another to engage in sexual activity for hire. In this case, the trial court did not address whether the prior conviction was a misdemeanor or a felony.

{¶ 15} This question is vital for our review to determine if appellant is eligible for expungement. Under the current provisions of R.C. 2953.31, an "eligible offender" is one "who has not more than one felony conviction [or]*** not more than one felony conviction and one misdemeanor conviction." If the 1999 Solicitation conviction is a felony, appellant is not an eligible offender. However, if the Solicitation conviction is a misdemeanor, then appellant is eligible to file a motion to seal his record. The new

definition of "eligible offender" includes those individuals with one felony and one misdemeanor.

{¶ 16} The trial court must (1) determine if the 1999 conviction exists, preferably evidenced by a certified copy of the judgment entry or a page from a probation report, and if so, (2) whether the conviction was a felony or misdemeanor. Accordingly, we find the trial court failed to conduct the correct analysis to determine if appellant is eligible to file a motion to seal his criminal records.

{¶ 17} To this limited extent, appellant's sole assignment of error is well taken and this cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and THE CAUSE REMANDED. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Harsha, J.:  Concur in Judgment & Opinion.

For the Court

By:_____
                     Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.