[Cite as *State v. Telshaw*, 2016-Ohio-479.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 76 |
| V. | ) | |
| | ) | OPINION |
| RANDALL TELSHAW, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 06CR834

JUDGMENT:                     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                              Prosecutor
                              Ralph M. Rivera
                              Assistant Prosecutor
                              21 W. Boardman St., 6th Floor
                              Youngstown, Ohio 44503-1426

For Defendant-Appellant       Attorney Eric Norton
                              12434 Cedar Road
                              Cedar-Grandview Building, Suite 6
                              Cleveland Heights, Ohio 44106

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                              Dated: February 5, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Randall Telshaw, appeals from a Mahoning County Common Pleas Court judgment overruling his application to seal his criminal record.

{¶2} This case was previously before this court on direct appeal in *State v. Telshaw*, 195 Ohio App.3d 596, 2011-Ohio-3373, 961 N.E.2d 223 (7th Dist.). A summary of the facts we previously set out follows.

{¶3} Appellant was the victim of a home invasion and armed robbery in June 2006. *Id.* at ¶2. He sustained gunshot wounds that required hospitalization. *Id.* While he was hospitalized, police searched his house with consent of his friend who was watching the house and feared the robbers had returned. *Id.* at ¶3-4. The police found bomb-making materials including explosive chemicals, rockets, and a bazooka. *Id.* at ¶2. On August 10, 2006, appellant was indicted on a charge of possession of chemicals with intent to manufacture explosives in violation of R.C. 2909.28(A), a fourth-degree felony. *Id.* He filed a motion to suppress the items found in his home. The trial court denied the motion. *Id.* at ¶9. The case proceeded to a jury trial where appellant was found guilty. *Id.* The court sentenced appellant to community-control sanctions, fines, court costs, and restitution. *Id.* On appeal, this court affirmed appellant's conviction finding that appellant's friend had authority to consent to a police search of the house for intruders and that the police were engaged in community-caretaking functions when entering the premises and when they found the bomb-making materials. *Id.* at ¶1.

{¶4} On March 27, 2012, the trial court found that appellant had complied with the rules and regulations of supervision and was no longer in need of supervision. Therefore, it terminated appellant's supervision.

{¶5} On April 3, 2015, appellant filed an "application to expunge or seal record of conviction." He requested that the court order expungement or sealing of his conviction records relating to the above conviction. In support, appellant asserted that he has led a law-abiding life since his conviction and strictly complied with all of the terms and conditions of his probation. He also noted that prior to this case, he

had never been charged with or convicted of any criminal offenses. Appellant went on to state that he was employed as a truck driver in 2012, but was laid off last year. He stated that he has been seeking new employment and his conviction is an impediment to becoming re-employed. Therefore, he asked that the court seal or expunge the record of his conviction.

{¶6} Plaintiff-appellee, the State of Ohio, filed a response in opposition to appellant's application. It asserted the state's interest in maintaining the record of appellant's conviction outweighed appellant's interest in having it sealed.

{¶7} Without holding a hearing on appellant's application, the trial court entered a judgment entry overruling it.

{¶8} Appellant filed a timely notice of appeal on May 19, 2015. Appellant now raises a single assignment of error.

{¶9} Appellant's assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S APPLICATION TO SEAL HIS CRIMINAL RECORD WHEN IT FAILED TO (i) HOLD A STATUTORILY-MANDATED HEARING AND (ii) MAKE ANY FINDING THAT THE GOVERNMENT'S NEED TO MAINTAIN A RECORD OF THE CONVICTION OUTWEIGHED APPELLANT'S INTEREST IN HAVING THE RECORD SEALED.

{¶10} Appellant argues the trial court erred in failing to hold a hearing on his application to seal his criminal record. He claims reversal is mandated when the court fails to hold the hearing. He also points out that the court failed to request an investigation by the probation department to determine whether he is eligible to have his record sealed. Additionally, appellant argues the court erred in overruling the application without any indication that it weighed the government's perceived interest to maintain a defendant's record of conviction against the defendant's interest in having the conviction expunged.

{¶11} The state has filed a confession of judgment. It concedes that the trial court failed to hold the required expungement hearing pursuant to R.C. 2953.32(B).

{¶12} Pursuant to R.C. 2953.32(B), when an eligible offender files an application to seal the record of his conviction,

> *the court shall set a date for a hearing* and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court *prior to the date set for the hearing*. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.

(Emphasis added.) An eligible offender is "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31(A).

{¶13} Thus, pursuant to the statute, when an eligible offender files an application to seal his record, a hearing on the application is mandatory. See, *State v. D.L.*, 2d Dist. No. 26394, 2015-Ohio-1664, ¶12 ("trial court errs when it fails to conduct a hearing on an application for sealing a record of conviction, as required by R.C. 2953.32(B)"); *State v. M.S.*, 8th Dist. No. 98892, 2013-Ohio-828, ¶11 ("a hearing is mandatory in an application for expungement, and a failure by the trial court to hold a hearing is grounds for reversal"); *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246 (3d Dist.) ("once an offender files an application to seal his records under R.C. 2953.32, a hearing is mandatory").

{¶14} Accordingly, appellant's sole assignment of error has merit.

{¶15} For the reasons stated above, the trial court's judgment is hereby reversed. This matter is remanded for the trial court to hold a hearing on appellant's application in accordance with R.C. 2953.32(B).

DeGenaro, J., concurs.

Robb, J., concurs.