[Cite as *State v. Bergman*, 2017-Ohio-2944.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID BERGMAN | : | Case No. 16 CAA 11 0053 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 05 CR I 02 0067


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      May 23, 2017


APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
Prosecuting Attorney

By: BRIAN J. WALTER
First Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio 43015

For Defendant-Appellant

DAVID BERGMAN, pro se
130 South Club Avenue
St. Gabriel, LA 70776

*Baldwin, J.*

**{¶1}** Appellant David Bergman appeals a judgment of the Delaware County Common Pleas Court denying his application to expunge and seal his criminal record. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 23, 2005, appellant was convicted of two counts of trafficking in cocaine, one count of trafficking in drugs, and one count of possession of cocaine in Union County, Ohio. All four offenses were felonies. According to the indictment, the offenses of which he was convicted occurred on July 10, July 11, July 21, and August 4, 2004.

**{¶3}** Appellant was indicted by the Delaware County Grand Jury on February 11, 2005, on charges of trafficking and possessing cocaine, possessing Oxycodone, and possessing Hydrocodone. The indictment stated that the offense occurred on November 20, 2004. Appellant pled guilty to possession of Oxycodone, a fifth degree felony, and the remaining counts were dismissed. He was sentenced to a term of incarceration of eleven months, which he served and was released.

**{¶4}** On September 21, 2016, appellant filed a motion to seal and expunge his record. The court denied the motion, finding that appellant was not eligible for expungement pursuant to R.C. 2953.31(A). He assigns a single error to this Court on appeal:

**{¶5}** "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING DEFENDANT-APPELLEE'S RIGHT TO HAVE A HEARING ON HIS MOTION TO EXPUNGE AND SEAL RECORD IN DIRECT VIOLATION OF OHIO'S EXPUNGEMENT STATUTE, SECTION 2953.32(B) OF THE OHIO REVISED CODE."

{¶6} Appellant argues that a hearing is required on his motion to expunge and seal his criminal record pursuant to R.C. 2953.32(B), which provides in pertinent part, "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application."

{¶7} The trial court found that appellant was not eligible to have his record expunged and sealed pursuant to R.C. 2953.31(A), which provides in pertinent part:

"Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶8} In the instant case, appellant conceded in his motion that he had four felony convictions from Union County in addition to the one felony conviction from Delaware

County. He argued generally, "The facts and circumstances giving rise to both of these indictments were closely related in time and connected in deed and fact such that Bergman asks this Court to consider them as one conviction for the purpose of this Court's 'eligible offender' analysis."

**{¶9}** A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); *State v. Stotler*, 5th Dist. Holmes No. 09–CA–17, 2010-Ohio-2274, 2010 WL 2017873, ¶ 10, 18; *State v. Grillo*, 2015-Ohio-308, 27 N.E.3d 951, ¶ 39 (5th Dist. Richland). However, we have held that if an applicant is not eligible to have his conviction sealed, it is not error to enter judgment without hearing the merits of the motion. *State v. Rose*, 5th Dist. Delaware No. 04–CA–C–04–027, 2004-Ohio-4433, ¶10. However, the Court of Appeals for the Third District has distinguished *Rose* from those cases in which factual determinations are required to resolve the applicant's eligibility:

> The Fifth Appellate District has held that when an appellant is not eligible to have her conviction sealed, a trial court does not err in entering judgment and overruling the appellant's motion without first hearing the merits of the motion. *State v. Rose*, 5th Dist. No. 04–CA–C–04–027, 2004-Ohio-4433, 2004 WL 1879673, ¶ 10; *State v. Poole*, 5th Dist. No. 1116, 1995 WL 809875. However, *Rose* involved a request to seal records of a domestic-violence conviction, for which R.C. 2953.36(C) prohibits sealing ("2953.35 of the Revised Code [does] not apply to any of the following: * * * (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony"). Similarly, *Poole* involved an

application to seal records of a conviction for gross sexual imposition, for which R.C. 2953.36 prohibits sealing. See also *Aurora v. Bulanda*, 11th Dist. No. 95–P–0130, 1996 WL 648995 (finding that a trial court did not err in failing to hold a hearing on an application to seal records of a conviction for driving while intoxicated, for which R.C. 2953.36 prohibits sealing).

In contrast, courts examining situations more similar to the situation before us, in which the applicant may have been ineligible because he or she was not a first offender, have nevertheless found a hearing on the application to be mandatory. See *State v. Hagopian*, 10th Dist. No. 98AP–1572, 1999 WL 731381; *State v. Woolley*, 8th Dist. No. 67312, 1995 WL 143808. In *Hagopian*, the trial court summarily denied an appellant's application to seal records of his criminal record after setting a date for a hearing but failing to conduct a hearing on the matter. On appeal, the state contended that because the appellant was not a first offender and thus could not satisfy the requirements of R.C. 2953.31(C)(1)(a), the trial court did not err in failing to hold a hearing, as it would serve no purpose. However, the court found the situation analogous to *Woolley*, in that "(1) the state opposed the application on the grounds that the applicant was not a first offender, (2) no hearing was held on the application, and (3) the trial court did not indicate in its entry denying the application that any of the factors set out in R.C. 2953.32(C) were considered," and found that "a hearing is required under R.C. 2953.32(B) for any application for expungement." Moreover, the court noted that it could not determine that a

hearing was futile from the record, because it contained no evidence that the applicant was not a first offender apart from the state's undocumented contention.

The facts before us differ slightly from those in *Hagopian*, as the record in the case sub judice contains a presentence-investigation report revealing that Wright had been previously convicted of several offenses, including assault and domestic violence. However, as in *Hagopian* and *Woolley*, the trial court here did not indicate in its entry why the application was denied, such as by setting forth that it had considered factors in R.C. 2953.32(C). Further, in this case, the record does not reflect that the state filed any opposition to Wright's application or that the trial court set a date for a hearing, oral or nonoral, on the matter. Given the circumstances of this case, we are persuaded that the trial court was required to conduct a hearing prior to deciding Wright's application, particularly given that R.C. 2953.32(C)(1)(a) provides that one of the purposes of the hearing is for the trial court to determine whether the applicant is a first offender.

{¶10} *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246, ¶¶ 11-13 (3rd Dist. Putnam).

{¶11} In the instant case, while appellant conceded to having more than one felony conviction, he argued in his motion that the facts and circumstances giving rise to both of these indictments were closely related in time and connected in "deed and fact." While the State attached documentation demonstrating that the offenses occurred in different counties and the indictments alleged that the acts underlying the Union County

convictions were committed on different dates than the acts underlying the Delaware County indictment, R.C. 2953.31(A) does not clearly define the phrase "connected with the same act." Because appellant's motion raised a factual issue concerning his eligibility for expungement, we find that the trial court erred in failing to hold a hearing as mandated by R.C. 2953.52(B).

{¶12} The assignment of error is sustained. The judgment of the Delaware County Common Pleas Court is reversed, and this case is remanded to that court with instructions to hold a hearing on appellant's motion pursuant to R.C. 2953.52(B). Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.