[Cite as *State v. McMahon*, 2018-Ohio-543.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 3-17-13

    v.

ERIC MCMAHON,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 11-CR-165

Judgment Reversed and Remanded

Date of Decision:  February 12, 2018

APPEARANCES:

    *Michael S. Probst* for Appellant

    *Ryan M. Hoovler* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. This appeal is brought by petitioner-appellant Eric McMahon ("McMahon") from the judgment of the Court of Common Pleas of Crawford County denying his petition to have his record sealed without first holding a hearing. For the reasons set forth below, the judgment is reversed and the matter is remanded for further proceedings.

{¶2} Between July 15, 2011, and August 4, 2011, McMahon engaged in an online chat with a law enforcement officer posing as a 15-year-old girl. On October 12, 2011, the Crawford County Grand Jury indicted McMahon on two counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31, both felonies of the fifth degree. Doc. 1. This statute specifically allows a defendant to be charged for disseminating obscene material to a law enforcement officer posing as a juvenile and does not require that any juvenile actually be involved. R.C. 2907.31. On July 10, 2012, McMahon entered a plea agreement amending the charges to two counts of telecommunications harassment in violation of R.C. 2917.21(B), both felonies of the fifth degree. Doc. 24. The statute prohibits one from using a telecommunication device to harass another. R.C. 2917.21(B). The trial court accepted the guilty pleas to the amended charges and sentenced McMahon to one year of community control. Doc. 25. On July 10, 2013, the trial court entered

judgment terminating McMahon's community control finding that all of the requirements had been fulfilled. Doc. 26.

{¶3} On August 21, 2017, McMahon filed an application to have the record of his conviction sealed pursuant to R.C. 2953.31 and R.C. 2953.32. Doc. 27. No response was filed by the State and no hearing was set. On September 13, 2017, the trial court denied the application finding that McMahon was not eligible because the victim of the offense was under the age of 16 years. Doc. 28. McMahon filed a timely notice of appeal. Doc. 29. On appeal McMahon raises the following assignment of error.

> **The trial court erred in overruling Appellant's application to seal his criminal record when it failed to (i) hold a statutorily-mandated hearing and (ii) make any finding that the State's need to maintain a record of the conviction outweighed Appellant's interest in having the record sealed.**

The State filed its response conceding the argument of McMahon. For the reason set forth below, we agree.

{¶4} The procedure for the sealing of records is controlled by R.C. 2953.32, which states in pertinent part as follows.

> **(B) Upon the filing of an application under this section, the court *shall* set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. * * * The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.**

-3-

R.C. 2953.32(B) (emphasis added). The Supreme Court of Ohio has held that R.C. 2953.32 mandates that a trial court must conduct a hearing before ruling on an application because the statute requires it by the use of the term "shall". *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989. The failure to conduct the mandatory hearing requires reversal of the trial court's decision. *State v. L.L.*, 2d Dist. Clark No. 2016-CA-74, 2017-Ohio-5489.

{¶5} Likewise, this court has previously addressed this issue in *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246 (3d Dist.). In *Wright*, the applicant moved to have her perjury conviction sealed. The presentence investigation indicated that she was not a first offender and was thus not eligible to have her record sealed. The trial court then denied her application without holding a hearing. This court held that the statute mandates that the trial court conduct a hearing prior to deciding an application to seal a record even if there is some dispute as to whether the applicant is eligible. *Id.* This court noted that while a hearing may not be required if the conviction is for one of the offenses named as ineligible, in cases involving other issues with the application, the hearing is required. *Id.* at ¶ 11-12.

{¶6} Here, there is no dispute that the convictions sought to be sealed are not amongst the offenses listed as ineligible pursuant to R.C. 2953.36. The sole reason given by the trial court for denying the application was that the victim of the offense was less than 16 years of age. However, a review of the record reveals that there

was no actual victim under the age of 16 years of age. The "victim" was an officer posing as a 15-year-old girl. Additionally, the charge upon which McMahon was convicted does not provide any age requirement as existed in the original charge. McMahon has argued that the legislature did not preclude the sealing of a record for offenses where a law enforcement officer is posing as a victim under the age of 16 as it has in other statutes. Thus, this issue is one that should be reviewed by the trial court at the hearing. The trial court is required to hold a hearing as there are issues to be decided regarding the application. The assignment of error is sustained.

{¶7} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Remanded*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**