[Cite as *State v. Bell*, 2020-Ohio-3750.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-19-065

    Appellee                                   Trial Court No. 2011CR0246

v.

Brian Bell                                        **DECISION AND JUDGMENT**

    Appellant                                  Decided:  July 17, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Scott T. Coon, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the August 1, 2019 judgment of the Wood County

Court of Common Pleas denying the application for expungement of appellant, Brian

Bell.  For the reasons that follow, we reverse.

{¶ 2} Appellant sets forth one assignment of error:

      The trial court erred in denying appellant's application for

expungement without conducting a hearing on defendant's application.

## Facts

{¶ 3} On June 2, 2011, appellant was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and (C)(1)(c), a third-degree felony, and an automobile forfeiture specification in violation of R.C. 2941.1417(A), 2981.02 and 2981.04. Appellant pled not guilty.

{¶ 4} On September 23, 2011, appellant pled guilty to an amended charge of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1) and (C)(1)(b), a third-degree felony, and the forfeiture specification. The court filed its entry on September 27, 2011.

{¶ 5} On November 21, 2011, the trial court sentenced appellant to three years of community control. The entry was filed on November 22, 2011.

{¶ 6} On October 30, 2014, appellant's probation officer filed an application for termination of supervision. On that same day, the trial court ordered appellant's supervision terminated and also ordered appellant's rights of citizenship restored.

{¶ 7} On July 26, 2019, appellant filed an application for expungement, pursuant to R.C. 2953.31 to 2953.35, with the trial court. Appellant argued he was an eligible offender as defined under R.C. 2953.31. The state opposed the application on July 29, 2019, arguing appellant is not an "eligible offender" as used in R.C. 2953.31 and 2953.32. The state asserted, under R.C. 2953.31(A)(1)(a), an offender's prior felony convictions must be fourth or fifth-degree felonies, and appellant was convicted of a third-degree felony.

2.

**{¶ 8}** On August 1, 2019, the trial court issued an entry and order which stated "[u]pon due consideration, the Court finds said motion not well taken."

**{¶ 9}** Appellant timely appealed.

**{¶ 10}** On September 9, 2019, the trial court issued an entry and order which stated, in relevant part, that a presentence investigation report ("report") was prepared in this case. The court ordered adult parole to file the report with the clerk, under seal. On September 10, 2019, the report was filed with the clerk, under seal.

## Law

**{¶ 11}** "Ohio's expungement statutes, R.C. 2953.31 et seq., permit a first-time offender to apply to the sentencing court for an order to seal the record of his or her conviction." *State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 7. "'Expungement is a privilege, not a right. * * * Expungement may be granted pursuant to statute only when all the requirements for eligibility are met.'" *Id.*, quoting *State v. Reed*, 10th Dist. Franklin No. 05AP–335, 2005-Ohio-6251, ¶ 7-8.

## R.C. 2953.31

**{¶ 12}** R.C. 2953.31 provides the definitions for an eligible offender, and states in relevant part:

(A)(1) "Eligible offender" means either of the following:

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or

3.

misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. * * *

**R.C. 2953.32**

{¶ 13} R.C. 2953.32 governs the sealing of records of eligible offenders, and provides, in pertinent part:

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer * * * to make inquiries and written reports as the court requires concerning the applicant.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has

been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed.

## Assignment of Error

{¶ 14} In his brief, appellant argues the trial court erred because a hearing on his application for expungement was required by R.C. 2953.32(B). Appellant asserts he is an eligible offender under R.C. 2953.31(A)(1)(b), but "[t]he Court may have believed that the Appellant was not an eligible offender because of a conviction in the State of Mississippi in the year 2000." Appellant speculates that may be why the court ordered the filing of the report. Notwithstanding, appellant claims he had "successfully expunged the Mississippi conviction, and became, thereby, an eligible offender."

{¶ 15} Appellant contends had the court ordered the mandated investigation and conducted the required hearing, the court would have found that he was an eligible offender. Appellant also notes the court must make specific findings, as set forth in R.C. 2953.32(C). In support, appellant cites to several cases including *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246 (3d Dist.).

{¶ 16} In his amended brief, appellant sets forth additional facts regarding a matter in Lucas County Common Pleas Court which commenced in March 2019.

{¶ 17} The state counters the record may not support the assertion that appellant is an eligible offender, "in light of whatever information is contained" in the report. The state argues a hearing "is not necessary when the trial court is able to determine the offender is not eligible as a matter of law." The state notes the probation department

6.

created the report which contained appellant's criminal record from Ohio and other states, and it was proper for the trial court to rely on the report in determining whether appellant was an eligible offender. In support of its position, the state cites to *State v. Rittner*, 6th Dist. Lucas No. L-04-1368, 2006-Ohio-1114.

{¶ 18} The state also contends there is a presumption that appellant's conviction from Mississippi was not expunged because there is nothing in the record which shows it was expunged. The state relies on *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus, where the Supreme Court of Ohio held that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."

{¶ 19} The state argues that, "even if the trial court was to give the theoretical expungement of [appellant]'s Mississippi conviction full faith and credit, if [appellant] had other misdemeanors in his criminal record-which the report from the probation department would have shown-he would not have been an eligible offender under R.C. 2953.31(A)(1)(b)." The state claims the report "can indicate that the trial court does not have jurisdiction to grant an expungement, because an applicant is not an eligible offender" and here, "[i]t was proper for the trial court * * * to rely on that report in determining [appellant's] eligibility for expungement."

**Standard of Review**

{¶ 20} "R.C. 2953.32 requires a trial court to construe the statute so as to promote the legislative purpose of allowing expungements when weighing the applicant's interests

against the state's." *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350, ¶ 19. "This mandate requires a trial court's exercise of discretion." *Id.* An abuse of discretion occurs when a court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 21} An appellate court cannot determine whether an abuse of discretion occurred if there is no demonstration of that discretion. *Haas* at ¶ 21. "[W]e cannot simply presume the regularity of the proceedings on a silent record." *Id.* The trial court is required to place findings made pursuant to R.C. 2953.32 on the record for review. *Id.* at ¶ 26.

### Analysis

{¶ 22} Appellant filed his application for expungement with the trial court, alleging he was an eligible offender as defined under R.C. 2953.31. No hearing date was scheduled. The state filed an opposition arguing appellant was not an "eligible offender" under R.C. 2953.31(A)(1)(a). The trial court denied the application without any basis or explanation. After appellant appealed, the court issued an entry that a presentence investigation report was prepared, and ordered adult parole to file the report under seal.

{¶ 23} Upon review, the record is silent as to why the trial court did not schedule or hold a hearing on appellant's application for expungement. The record is also silent as to why the court denied the application. Since the trial court did not comply with the mandates of R.C. 2953.32, by not scheduling a hearing, by not determining whether or not appellant was an eligible offender, and by failing to make the required findings on the

8.

record for review, we find the trial court abused its discretion.  Accordingly, appellant's assignment of error is well-taken.

{¶ 24} For the foregoing reasons, the August 1, 2019 judgment of the Wood County Court of Common Pleas is reversed.  The matter is remanded to the trial court to schedule a hearing to determine whether appellant is an eligible offender under R.C. 2953.31, and if so, to determine whether appellant is entitled to expungement under R.C. 2953.32.  On remand, the trial court must make the required findings on the record.  Pursuant to App.R. 24, the state is liable for the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          
                                                    _____
                                                                   JUDGE
Thomas J. Osowik, J.                  

Gene A. Zmuda, P.J.                  _____
CONCUR.                                                          JUDGE

                                                    _____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.