[Cite as *State v. N.J.*, 2017-Ohio-7089.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-73 |
| v. | : | (C.P.C. No. 16EP-510) |
| [N.J.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 3, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas which granted defendant-appellee's, N.J., application to seal the record of his conviction for three felonies in case No. 05CR-2827. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} On October 6, 1999, N.J. was found guilty on a plea of no contest to one count of failing to comply with housing code while permitting occupancy of a dwelling, in violation of Columbus City Code 4509.01, a third-degree misdemeanor, in case No. 1999ERB-074213.

{¶ 3} On May 1, 2006, N.J. pled guilty to one count of a pattern of corrupt activity, in violation of R.C. 2923.32, a third-degree felony, and two counts of receiving stolen property, in violation of R.C. 2913.51, both fifth-degree felonies, in case No. 05CR-2827

{¶ 4}  On October 15, 2012, N.J. was found guilty on a plea of no contest to one count of selling liquor to a minor, in violation of R.C. 4301.69, a first-degree misdemeanor, in case No. 2012CRB-025317.

{¶ 5}  On June 21, 2016, N.J. filed an application to seal the record of his three felony convictions in case No. 05CR-2827.  The state filed objections to the application to seal on July 28, 2016.  The state argued that N.J. did not qualify as an eligible offender because (1) the court had discretion to consider the three felony convictions as a single conviction and, regardless, (2) there were two other misdemeanor convictions.  The trial court held a hearing on the matter on October 19, 2016.  At the hearing, in response to the state's objection, N.J. argued the court should consider (1) the 2012 change in the law to expand the definition of persons who might expunge or seal their records, and (2) the fact that the determination that a housing code violation constituted an offense was a judicial determination, not a statutory determination. The court granted N.J. leave to file a supplemental memorandum to further address the state's objections.

{¶ 6}  On November 21, 2016, N.J. filed a memorandum in response to the state's objections.  N.J. asked the court to (1) consider his three felony convictions as one, (2) disregard the Second District's decision in *Dayton v. Sheibenberger*, 115 Ohio App.3d 529 (2d Dist.1996), finding a housing code violation constituted a conviction for purposes of R.C. 2953.31, (3) liberally construe R.C. 2953.31 and 2953.32, and (4) exercise "inherent authority" to seal N.J.'s record in the interest of his good name and his right to be free from unwarranted punishment. The state filed a reply to N.J.'s memorandum.

{¶ 7}  On January 18, 2017, the court held another hearing.  At the hearing, N.J. stated that the convictions prevented him from obtaining state issued permits, including a permit from the Ohio Lottery Commission and the State Liquor Control Commission. He further stated that a sealing of the record would help him get his own business, improve his income, and support his family.

{¶ 8}  On January 27, 2017, without explanation as to N.J.'s eligibility, the court granted the request to seal the record pursuant to R.C. 2953.32.

## II.  Assignment of Error

{¶ 9}  The state appeals and assigns the following single assignment of error for our review:

THE TRIAL COURT LACKED JURISDICTION TO GRANT DEFENDANT'S APPLICATION FOR SEALING, AS HE WAS

NOT QUALIFIED AS AN "ELIGIBLE OFFENDER" WITHIN
THE MEANING OF R.C. 2953.31(A).

## III. Discussion

{¶ 10} Generally, "[a] reviewing court 'will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion.' " *In re K.J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 10, *discretionary appeal not allowed*, 141 Ohio St.3d 1489, 2015-Ohio-842, quoting *In re Dumas*, 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7. However, we engage in de novo review of issues on appeal involving questions of law. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9 (applying de novo review to interpretation of R.C. 2953.61); *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6 (finding abuse of discretion standard inappropriate for "erroneous interpretation of the law"); *K.J.* at ¶ 18 (applying a "hybrid" standard of review to trial court's ruling under R.C. 2953.61 by reviewing the trial court's findings of fact for an abuse of discretion but application of those facts to the law de novo). Whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *See State v. Hoyles*, 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 11} " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' " *In re Koehler*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith*, 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' " *Id.* at ¶ 14, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). In Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority. *Pariag* at ¶ 11.

{¶ 12} In its sole assignment of error, the state argues the trial court erred when it granted N.J.'s application to seal his record because he was not an "eligible offender" under R.C. 2953.31(A). Pursuant to R.C. 2953.32(A)(1), only an "eligible offender" may apply to have the records of a conviction sealed. R.C. 2953.31(A) defines the term "eligible offender" as follows:

> "Eligible offender" means anyone who has been convicted of
> an offense in this state or any other jurisdiction and who has
>
> [1] not more than one felony conviction,

[2] not more than two misdemeanor convictions, or

[3] not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.

\* \* \*

{¶ 13} N.J. does not meet the first criteria of having not more than one felony conviction or the second criteria of having not more than two misdemeanor convictions. Therefore, we must consider whether N.J. meets the third criteria of having not more than one felony conviction and one misdemeanor conviction.

{¶ 14} For purposes of this discussion, and without deciding the same,[1] we will assume that N.J.'s three convictions in case No. 05CR-2827 count as one conviction. If this were the case, N.J. would meet the first part of the criteria in that he would be considered to not have more than one felony conviction. The second part of the third criteria, however, requires that he have not more than one misdemeanor conviction. N.J. has two misdemeanor convictions, one third-degree misdemeanor for violating the Columbus housing code and one first-degree misdemeanor for selling liquor to a minor. N.J. encouraged the trial court to disregard the housing code violation.

{¶ 15} It is true that R.C. 2953.31(A) excepts many types of convictions from consideration in determining eligibility for record sealing:

> For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is **not** a conviction.

(Emphasis added.)

---

[1] R.C. 2953.31(A) continues to explain as follows: "When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction." The trial court did not determine whether N.J.'s three felony convictions result from or are connected with the same act or result from offenses committed at the same time; therefore, we decline to consider the same. Furthermore, it is not necessary for us to determine as explained above.

{¶ 16} These exceptions do not, however, include housing code violations pursuant to state law or any other jurisdiction.

{¶ 17} Recently, the Supreme Court of Ohio construed the exceptions outlined in R.C. 2953.31(A). In *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, the court rejected the defendant-applicant's argument that his fourth-degree misdemeanor conviction for failure to register a motor vehicle under R.C. 4503.11(A) did not count as a conviction when determining an applicant's eligible offender status for record sealing purposes. The court noted that the exceptions outlined in R.C. 2953.31(A) at that time did not include fourth-degree misdemeanor convictions for violating R.C. 4503.11(A), and held:

> The language of R.C. 2953.31(A) clearly and unambiguously provides that a fourth-degree-misdemeanor conviction for failure to register a motor vehicle under R.C. 4503.11(A) is a conviction for purposes of determining a person's status as an eligible offender. And when a statute's language is clear, we neither interpret it nor construe it. * * * Instead we apply the statute as written.

*Id.* at ¶ 12.

{¶ 18} Furthermore, consistent with the Supreme Court's reading of R.C. 2953.31(A), we observe that R.C. 2935.01(D) defines "offense" as including "felonies, misdemeanors, and violations and ordinances of municipal corporations and other public bodies authorized by law to adopt penal[2] regulations [except where the context specifically indicates otherwise]." The Second District in *Sheibenberger* relied on R.C. 2935.01(D) in holding that "housing violations are 'offenses' for purposes of determining whether an individual is a 'first offender.' "[3]  *Id.* at 534. We agree with the Second District that the housing code violation at issue in this case is an offense for purposes of determining whether an individual is an eligible offender.

---

[2] The Columbus City Code 4509.99 provides:

> (A) Whoever violates any provision of this Housing Code is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1,000.00) or imprisoned for not more than one hundred eighty (180) days or both. Each day that any such person continues to violate any of the provisions of this Housing Code shall constitute a separate and complete offense.

[3] In 2011, the General Assembly amended R.C. 2953.31 and 2953.32 to replace the term "first offender" with "eligible offender." The definition of "eligible offender" however, continues to refer to the term "offense." The definition of "offense" was not amended and remains today as it was in 2010.

{¶ 19} Accordingly, taking into consideration the Supreme Court's recent construction of the exceptions in R.C. 2953.31(A) and the statutory definition of offense at R.C. 2935.01(D), we find the trial court erred in granting N.J.'s application to seal the record of his three felonies in case No. 05CR-2827. The state's sole assignment is error is sustained.

## IV. Conclusion

{¶ 20} Based on the foregoing, the state's sole assignment of error is sustained. As such, we reverse the judgment of the Franklin County Court of Common Pleas and remand the case for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

KLATT and SADLER, JJ., concur.

————————————————