[Cite as *State v. K.M.*, 2020-Ohio-450.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case Nos. 2019CA00077,<br>2019CA00084, 2019CA00085, |
| KRISTINA M. | and 2019CA00086 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Massillon
Municipal Court, Case Nos. 2005CRB2446,
2000CRB869, 1996CRB494, and
1993CRB1626

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     February 10, 2020

APPEARANCES:

For Plaintiff-Appellee

JUSTIN RICHARD
CHIEF PROSECUTING ATTORNEY
MASSILLON LAW DEPARTMENT
Two James Duncan Plaza
Massillon, Ohio  44646

For Defendant-Appellant

HEATHER R. DUNCAN
COMMNITY LEGAL AID
SERVICES, INC.
401 Market Avenue North, Suite 103
Canton, Ohio  44702

*Wise, John, P. J.*

{¶1}   Appellant Kristina M. appeals the decision of the Massillon Municipal Court, Stark County, which denied appellant's motion to seal the records of four separate misdemeanor convictions from that court. Appellee is the State of Ohio. The relevant facts leading to this consolidated appeal are as follows.

<u>Prior Convictions</u>

{¶2}   As pertinent to the present appeals, it is undisputed that appellant was previously convicted of four misdemeanors in four separate cases in the Massillon Municipal Court, as follows:

{¶3}   In case number 1996CRB00494, presently appellate case number 2019CA00077, appellant was convicted on one count of passing bad checks.

{¶4}   In case number 1993CRB01626, presently appellate case number 2019CA00084, appellant was convicted on one count of receiving stolen property.

{¶5}   In case number 2000CRB00869, presently appellate case number 2019CA00085, appellant was convicted on one count of disorderly conduct.

{¶6}   In case number 2005CRB02446, presently appellate case number 2019CA00086, appellant was convicted on one count of theft of gasoline.

<u>2019 Motions to Seal</u>

{¶7}   On April 3, 2019, appellant, with the assistance of counsel, filed a "motion to seal criminal record" in each of the aforesaid four cases.

{¶8}   On April 8, 2019, the trial court scheduled a joint hearing for all four cases.

{¶9}   Prior to the hearing, the prosecutor filed a "motion to oppose sealing" in response to appellant's motions to seal her criminal records.

**{¶10}** The matter proceeded to a hearing on April 25, 2019. At that time, the trial court refused appellant's request via counsel to testify on her own behalf. *See* Tr. 3, 8-9.[1] Nonetheless, according to appellant's defense counsel's statements to the trial court, appellant, due to her past choices, has struggled to obtain employment and housing for herself and her sons. *See* Tr. at 4. Appellant hoped sealing her criminal records would assist her in obtaining full-time meaningful employment. Tr. at 4, 5. She also planned to explore the possibility of going back to school. *Id.*

**{¶11}** At the end of the hearing, the trial court orally denied all of the motions to seal. A written judgment entry to that effect, as to all four cases, was filed on the same day.

**{¶12}** Appellant filed a notice of appeal in each of the aforementioned four cases on May 24, 2019. She herein raises the following four Assignments of Error:

**{¶13}** "I.    THE TRIAL COURT ERRED BY FAILING TO MAKE THE DETERMINATIONS AS REQUIRED BY R.C. 2953.32.

**{¶14}** "II.    THE TRIAL COURT ERRED BY REFUSING TO ALLOW AN EVIDENTIARY HEARING.

**{¶15}** "III. THE TRIAL COURT ERRED WHEN IT FAILED TO BE IMPARTIAL IN ITS ADJUDICATION OF APPELLANT'S MOTIONS TO SEAL HER CRIMINAL RECORDS.

**{¶16}** "IV.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTIONS TO SEAL HER CRIMINAL RECORDS."

---

[1]  The main aspects of the transcript are found on pages 3 through 9 thereof; appellant herself was permitted to briefly make unsworn statements to the court at page 5.

I.

**{¶17}** In her First Assignment of Error, appellant contends the trial court erred in addressing her motions to seal records by failing to make the determinations set forth in R.C. 2953.32. We agree.

**{¶18}** The process of sealing criminal records in Ohio, pursuant to statutory authority, is often referred to in colloquial terms as "expungement." *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 8, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11. Because the process is recognized as an act of grace created by the State, a court may grant an expungement only when the applicant meets all statutory requirements for eligibility. *See State v. J.L.*, 10th Dist. Franklin No. 18AP-281, 2019-Ohio-681, ¶ 7 (additional citations omitted).[2]

**{¶19}** R.C. 2953.32(C)(1) sets forth the following duties on a trial court in reviewing an application for the sealing of a conviction record:

> (a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its

---

[2] Notably, in 2011, the General Assembly amended R.C. 2953.31 and 2953.32 to replace the term "first offender" with "eligible offender." *State v. N.J.*, 10th Dist. Franklin No. 17AP-73, 2017-Ohio-7089, 95 N.E.3d 828, f.n. 3.

determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶20}** As a general rule, a trial court's decision to deny expungement will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Muller*, 5th Dist. Knox No. 99CA18, 2000 WL 1681025. However, a claim that the trial court failed to follow statutory requirements necessitates interpretation of the pertinent statute, which presents

a question of law that an appellate court reviews *de novo*. *See Sarchione-Tookey v. Tookey*, 4th Dist. Athens No. 17CA41, 2018-Ohio-2716, ¶ 25.

**{¶21}** In the case *sub judice*, the trial court made the following pertinent determinations on the record:

When there's a lot of theft, especially theft, uh, things, the public has a right to know before they hire her as their cleaning person, before they allow her into their home to do other kinds of work, before they allow her to take care of a, uh, guardian or in a guardianship kind of relationship with someone else. I think the public has a right to know that. So, uh, no… I think this was an oral hearing. I think there was a written motion filed ... So, whatever testimony you would put in with this many theft charges, I think the public has a right to know that.

**{¶22}** Tr. at 8-9.

**{¶23}** Also, in its judgment entry of April 25, 2019, the trial court ruled in pertinent part: "Decision based on past record of theft and dishonesty over 20 yr. [*sic*] period." Entry and Order at 1.

**{¶24}** We often emphasize that in proceedings before the bench, a trial court judge is presumed to know the applicable law and apply it accordingly. *See*, *e.g.*, *State v. Daniel M.*, 5th Dist. Licking No. 2019 CA 00003, 2019-Ohio-4686, ¶ 32, citing *Walczak v. Walczak*, 5th Dist. Stark No. 2003CA00298, 2004-Ohio-3370, ¶ 22. At the same time, a trial court cannot summarily deny an application for expungement based merely on the nature of the offense. *See State v. Poole*, 5th Dist. Perry No. 10-CA-21, 2011-Ohio-2956.

**{¶25}** While we decline to herein establish a bright-line rule, but noting in particular that appellant simultaneously presented four expungement applications concerning four separate offenses spread out over a twelve-year period, we hold upon review that the trial court committed reversible error under the circumstances via its lack of more extensive oral and/or written determinations , especially as to subsection (C)(1)(c), which requires the trial court to "* * * determine whether the applicant has been rehabilitated to the satisfaction of the court." *Cf. State v. Grillo*, 5th Dist. Richland No. 14CA51, 2015-Ohio-308, 27 N.E.3d 951, ¶ 41. The State's responsive citation to this Court's decision in *State v. Sherfey*, 5th Dist. Fairfield No. 18-CA-23, 2019-Ohio-1225 does not compel us to affirm, because even though we therein stated that a trial court is not required to make "express findings" in granting or denying an application for sealing, we held that the record "must reflect that the court complied with R.C. 2953.32's mandates in making its decision." *Id.* at ¶ 15.

**{¶26}** Appellant's First Assignment of Error is therefore sustained.

II.

**{¶27}** In her Second Assignment of Error, appellant contends the trial court erred in denying her the opportunity to put on evidence at the April 25, 2019 hearing. We agree.

**{¶28}** In *State v. D.K.*, 8th Dist. Cuyahoga No. 105812, 2017-Ohio-7081, the appellant, D.K., appealed a lower court decision that had denied a motion to seal the record of his conviction, without the benefit of an evidentiary hearing. The Eighth District Court of Appeals first observed that under R.C. 2953.32(B), a trial court is required to hold a hearing before resolving a motion to seal. *Id.* at ¶ 1. The Court further explained: "A trial court must first hold a hearing because, generally, evidence is required in order to make

the several determinations under R.C. 2953.32(C)(1)(a) through (e)." *Id.* (internal citations omitted). The Court ultimately held that D.K. was entitled to a hearing, and it remanded the matter for further proceedings consistent with R.C. 2953.32. *Id.* at ¶ 3.

**{¶29}** While we again decline to establish a bright-line rule for all expungement cases, we hold upon review that the trial court committed reversible error under the circumstances presented by declining to hear evidence concerning appellant's four applications to seal.

**{¶30}** Appellant's Second Assignment of Error is therefore sustained.

III., IV.

**{¶31}** Based on our conclusions above, we find the remaining Assignments of Error to be moot and/or premature.

**{¶32}** For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby reversed and remanded.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0123