[Cite as *State v. Gomez*, 2021-Ohio-1357.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 4-20-12

    v.

RODNEY G. GOMEZ,                         O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Defiance Municipal Court**
**Trial Court No. CRB 9701038**

**Judgment Affirmed**

**Date of Decision: April 19, 2021**

---

APPEARANCES:

    *Ian A. Weber* **for Appellant**

    *Harvey D. Hyman* **for Appellee**

**MILLER, J.**

{¶1} This is an appeal by defendant-appellant, Rodney G. Gomez, from a decision of the Defiance Municipal Court denying his application to have the record of his criminal conviction sealed. The essence of Gomez's appeal is that the trial court failed to make appropriate findings denying his application. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On September 28, 1997, Gomez was arrested after a physical altercation with his wife in the presence of several of their children. Oct. 20, 2020 Tr. at 6-7. Gomez admitted to the police he had gotten angry and struck his wife. *Id.* The next day, a complaint charging a first-degree misdemeanor offense of domestic violence in violation of then existing Defiance Codified Ordinance 636.17(A)(1) was filed against Gomez. That same day, Gomez appeared in open court without counsel and entered a plea of guilty to the charge. The court's sentencing entry filed on September 30, 1997, shows Gomez was fined $500 and sentenced to serve 90 days in jail with one day's credit. The fine and jail term were stayed on the conditions that Gomez have no similar violations of law, maintain good behavior, and obtain an assessment and follow all counseling recommendations.

{¶3} In a journal entry filed on June 25, 1998, the trial court acknowledged Gomez had successfully completed treatment through Charter Counseling Center of Defiance. Consequently, the court suspended the fine and jail sentence on the

condition Gomez have no similar violations and maintain good behavior for one year.

{¶4} On August 2, 2018, Gomez, through retained counsel, filed a motion to withdraw his guilty plea and to set aside the conviction pursuant to Crim.R. 32.1. The basis of the motion was the trial court's failure during the original plea colloquy to advise Gomez of the firearm disqualifier attendant to a first-degree misdemeanor conviction for domestic violence. The court conducted a hearing on the motion on November 28, 2018. After hearing from both parties, the court granted Gomez's motion to withdraw his plea. The conviction was set aside and Gomez immediately proceeded to enter a negotiated plea to an amended charge of domestic violence, in violation of Defiance Codified Ordinance 537.14(c), a misdemeanor of the fourth degree.[1] Thereafter, the trial court adopted a jointly-recommended sentence and ordered Gomez to serve 30 days in jail with all 30 days suspended and to pay a fine of $250 with the full amount suspended. There were no conditions on the suspensions. The court journalized its decision in an entry filed that same day.

{¶5} On July 15, 2020, Gomez filed an application to seal the record of his conviction pursuant to R.C. 2953.32. The City of Defiance filed an objection on

---

1 This code provision reads: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." There is no indication in the record as to why, in amending the offense, the parties chose to maintain the offense as domestic violence, albeit a misdemeanor of the fourth degree, but still an offense of violence under R.C. 2901.01(A)(9).

October 20, 2020, contending there was a legitimate governmental interest in maintaining the record of the domestic-violence conviction. Additionally, the city suggested Gomez had already received a benefit by being allowed to plea to a reduced charge which the city contended eliminated any firearm disability and, therefore, diminished his need to have the record of the conviction sealed.

{¶6} The trial court conducted a hearing on the motion on October 20, 2020. At the beginning of the hearing, the court noted an investigation was done by the probation department and was submitted to the court. Oct. 20, 2020 Tr. at 3. Initially, the trial court reviewed the criteria for the sealing of criminal convictions and then permitted counsel to each address the court regarding their respective positions. Gomez did not testify and presented no evidence at the hearing.

{¶7} After hearing from the attorneys, the court found Gomez was an eligible offender as defined in R.C. 2953.31(A)(1), with his only conviction being the instant offense which was not listed among the excluded offenses of R.C. 2953.36. *Id.* at 8-9. Additionally, the court found all sentencing requirements to have been satisfied and the requisite period of time identified in R.C. 2953.32(A)(1)(c) had passed in order for the application to be filed. *Id.* at 9. Next, the court considered the criteria of R.C. 2953.32(C)(1) and found there were no criminal proceedings pending against Gomez in any other court and that Gomez had been rehabilitated, as no additional criminal complaints had ever been filed against him. *Id.* Finally, the

court considered the objections filed by the prosecutor and weighed the governmental interest in maintaining the record against Gomez's reasons to have the record sealed. *Id.* at 9-11. After consideration of the statutory criteria, the court denied Gomez's application finding the governmental interest in maintaining the records outweighed Gomez's interest in having the records sealed. *Id.* at 11.

{¶8} From this decision, Gomez filed the instant appeal asserting two assignments of error for our consideration.

### Assignment of Error No. I

**The trial court erred in denying the appellant's application to seal the record of his misdemeanor conviction.**

### Assignment of Error No. II

**The trial court as a matter of law erred by denying the appellant's motion to seal his record.**

{¶9} In his first assignment of error, Gomez contends the trial court erred by not making factual findings required by R.C. 2953.32. His second assignment of error generally claims the court failed to weigh his interests against the governmental interests in maintaining the records. As outlined above, the trial court made the requisite findings including the weighing of the party's interests. Because of their similarities, we elect to address both assignments of error collectively.

{¶10} "Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their [ ]

conviction sealed, should a court in its discretion so decide." *State v. Smith*, 3d Dist. Marion No. 9-04-05, 2004-Ohio-6668, ¶ 9. "Expungement is an act of grace created by the state" and is therefore a privilege, not a right. *Koehler v. State*, 10th Dist. Franklin No. 07AP-913, 2008-Ohio-3472, ¶ 14, citing *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).

{¶11} Ohio's expungement statutes, R.C. 2953.31 et seq., permit an eligible offender to apply to the sentencing court for an order to seal the record of his or her conviction. *State v. Bell*, 6th Dist. Wood. No. WD-19-065, 2020-Ohio-3750, ¶ 11. R.C. 2953.31 provides the definitions of an "eligible offender," stating in relevant part:

> (A)(1) "Eligible offender" means either of the following:
>
> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;
>
> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. * * *

R.C. 2953.31 (Oct. 29, 2018) ((current version at R.C. 2953.31(A)(1) (Apr. 12, 2021)).

{¶12} Upon the filing of an application for the sealing of a record of conviction, R.C. 2953.32(C)(1) directs the court to make certain determinations as follows:

> (a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *
> (b) Determine whether criminal proceedings are pending against the applicant;
> (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
> (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.32(C)(1) (Apr. 8, 2019) ((current version at R.C. 2953.32(C)(1) (Apr. 12, 2021)).

{¶13} "The statutory requirements are independent of one another and are in the conjunctive." *State v. Krantz,* 8th Dist. Cuyahoga No. 82439, 2003-Ohio-4568, ¶ 23. Accordingly, if the applicant fails to satisfy any one of these requirements, the trial court must deny the application. *Id.* Additionally, in considering an application for the sealing of the record of a conviction pursuant to R.C. 2953.32, the trial court

"'must weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungements.'" *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380, ¶ 7, quoting *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001).

{¶14} An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard.[2] *State v. D.D.G.,* 8th Dist. Cuyahoga Nos. 108291 and 108342, 2019-Ohio-4982, ¶ 13. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶15} In support of his assignment of error Gomez contends the trial court did not make any of the necessary findings as required by R.C. 2953.32(C)(1). We are at a loss to understand this claim as the trial court clearly reviewed the statutory criteria on the record. As stated above, the court found Gomez to be an eligible offender who waited the requisite amount of time prior to filing his application. Oct. 20, 2020 Tr. at 8-9. The court noted the amended domestic violence offense, while expungable under the statute, was still classified as an offense of violence. *Id*. at 4.

---

[2] Whether an applicant satisfies the definition of an "eligible offender" entitled to have records sealed is an issue of law for a reviewing court to decide *de novo*. *State v. Helfrich*, 3d Dist. Seneca Nos. 13-17-30, 13-17-31 and 13-17-32, 2018-Ohio-638 ¶ 13, citing *State v. Weiss*, 10th Dist. Franklin No. 14AP-957, 2015-Ohio-3015, ¶ 5.

Further, the court found Gomez "has no other proceedings pending at this time, he's not under the jurisdiction of any other Court at this time." *Id.* at 9. Next, the court considered the issue of rehabilitation and stated, "He does certainly indicate that there's been progress in his life, rehabilitation I think is certainly there based on the fact that he has continued to be a good citizen over these years and we haven't had any further complaints from this victim or any other victims since that time." *Id.*

{¶16} Finally, the court considered the objection filed by the prosecutor and weighed Gomez's interest in having the record sealed against those stated by the prosecutor. In support of the application, Gomez's attorney simply stated that Gomez and his wife raised five children, this conviction was the only blemish on Gomez's record and he would like to have the record sealed as he would soon be retiring from his job at the General Motors plant in Defiance. Oct. 20, 2020 Tr. at 4-5. In reply, the prosecutor recounted the details surrounding the original incident that led to the domestic violence charge, the fact Gomez admitted to the police he hit his wife and twice pled guilty to domestic violence charges related to that conduct. *Id*. at 6-7. The prosecutor further indicated his opinion Gomez already received a benefit because the amended charge reduced the severity of the conviction to a misdemeanor of the fourth degree and eliminated any firearm prohibition. *Id.* Having considered and balanced the respective interests, the court determined Gomez's interest did not outweigh the governmental interests in

maintaining the record of the incident and corresponding conviction. *Id*. at 11. The trial court stated, in part:

> * * * As I weigh these interests, I've got the Defendant saying, you know, I'd really like to have it sealed without any really good reason versus the State's interest saying well look, the activity clearly was a first-degree [domestic] violence that was amended down, we have an ongoing interest or need to then review that in case something like that would happen again. So, under these circumstances in this case, I find that actually the State's interests outweigh the Defendant's interests in keeping this and sealing the record. Not that I think he's a bad guy or has a, [sic] I think he's made some very positive progress and changed, but I do think the State has an overwhelming interest to keep these issues relating to domestic violence like this as a record because again, this is something that the State emphasizes that we want to know the folks that have been involved in that type of activity. And again, the Defendant was involved in that activity by his own, and again I give him credit, by his own admission and by his prior conviction. So, unfortunately, * * * for you Mr. Gomez, I am going to deny your application because again, in this case I just find that the State's interests outweigh yours. * * *

*Id*.

**{¶17}** Because the trial court did review the statutory criteria and made the requisite determinations on the record, we find no merit in Gomez's complaint that the trial court failed to make findings as required by R.C. 2953.32(C)(1).

**{¶18}** Although not specifically raised in his argument, it may be inferred that Gomez takes exception to the brevity of the trial court's journal entry denying his application which simply states, "WHEREUPON, it is hereby ORDERED that the Defendant's motion to seal this case is hereby denied." The trial court must place its findings on the record for review, either at the hearing on the application

or, in its journal entry. *Beachwood v. D.Z.*, 8th Dist. No. 94024, 2010-Ohio-3320, ¶ 7. Because the trial court's reasoning was clearly explained in the transcript of the proceedings, our review is not hampered by the simple entry denying Gomez's application. *See Smith,* 2009-Ohio-2380, at ¶ 12 (the trial court detailed its reasons for denying an application for expungement on the record, but not in its journal entry).

{¶19} The trial court was in the best position to consider Gomez's application to seal the record of his conviction. Gomez has failed to demonstrate that the trial court's review of the statutory criteria, including weighing of the respective interests, was arbitrary, unreasonable or unconscionable. Therefore, we find no abuse of discretion by the court below.

{¶20} For all these reasons the assignments of error are overruled.

{¶21} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Defiance Municipal Court is affirmed.

*Judgment Affirmed*

**SHAW, J., concurs.**

**WILLAMOWSKI, P.J., concurs in Judgment Only.**

**/jlr**