[Cite as *State v. R.M.M.*, 2021-Ohio-3314.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-6 |
| | | (C.P.C. No. 19EP-647) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [R.M.M.], | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 21, 2021

**On brief**: [*G. Gary Tyack*] Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued**: *Michael P. Walton*.

**On brief**: *Probst Law Office, Inc.*, and *Michael S. Probst*, for appellant. **Argued**: *Michael S. Probst*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, R.M.M., from a judgment of the Franklin County Court of Common Pleas denying his application for an order to seal the records in six criminal cases.

{¶ 2} On September 8, 1982, appellant was indicted in Franklin C.P. No. 82CR-2332 on seven counts of forgery, all felonies of the fourth degree. On November 19, 1982, he entered a guilty plea to two counts of forgery, both felonies of the fourth degree.

{¶ 3} On August 29, 1985, appellant was indicted in case No. 85CR-2427 on one count of receiving stolen property, a felony of the third degree. On October 10, 1985, he entered a guilty plea in that case to one count of unauthorized use of a motor vehicle, a misdemeanor of the first degree.

{¶ 4}   On July 29, 1999, appellant was indicted in case No. 99CR-4019 on two counts of forgery, in violation of R.C. 2913.31.  On September 7, 1999, he entered a guilty plea in that case to one count of forgery, a felony of the fifth degree.

{¶ 5}   On August 12, 1999, appellant was indicted in case No. 99CR-4348 on one count of unauthorized use of a vehicle in violation of R.C. 2913.03.  On September 8, 1999, appellant entered a guilty plea to the stipulated lesser-included offense of attempted unauthorized use of a vehicle, a first-degree misdemeanor.

{¶ 6}   On July 10, 2003, appellant was indicted in case No. 03CR-4722 on one count of receiving stolen property, and two counts of failure to comply with a signal or order of a police officer.  On September 2, 2003, he entered a plea of guilty in that case to one count of receiving stolen property, a felony of the fourth degree.

{¶ 7}   On December 10, 2003, appellant was indicted in case No. 03CR-8293 on three counts of forgery, and one count of engaging in corrupt activity.  On May 12, 2004, he entered a guilty plea to three counts of forgery, all felonies of the fifth degree.

{¶ 8}   On August 8, 2019, appellant filed an application, pursuant to R.C. 2953.32, for an order to seal the records in case Nos. 82CR-2332, 85CR-2427, 99CR-4019, 99CR-4348, 03CR-4722, and 03CR-8293.  On September 5, 2019, the state filed an objection to the sealing of appellant's records of conviction, asserting he did not qualify as an eligible offender because he had more than five felony convictions.

{¶ 9}   On October 16, 2019, the matter came for hearing before the trial court.  By entry filed December 3, 2019, the trial court denied appellant's application.

{¶ 10} On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] The Trial Court Erred by Summarily and Categorically Denying [R.M.M.'s] Application to Seal Records of Conviction Without Making the Requisite Findings Under R.C. 2953.32.

> [II.] Despite the State's Objection, [R.M.M.] Qualifies as an "Eligible Offender" Under R.C. 2953.31.

{¶ 11} Appellant's assignments of error are interrelated and will be considered together.  Under these assignments of error, appellant contends the trial court erred in summarily denying the application to seal his records without providing adequate findings, and in failing to find he qualified as an "eligible offender" under R.C. 2953.31.

{¶ 12}  In accordance with Ohio law "[t]he process for ordering a record of conviction to be sealed (more commonly referred to as 'expungement') is governed by R.C. 2953.31 et seq.," and it is "well-settled that '[e]xpungement is an act of grace by the state, and so is a privilege, not a right.' "  *State v. Thompson*, 10th Dist. No. 06AP-881, 2007-Ohio-1503, ¶ 4, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000).  Accordingly, "a trial court should only order an expungement when all of the requirements for eligibility have been met."  *Id.*, citing *State v. Hamilton*, 75 Ohio St.3d 636 (1996).

{¶ 13}  Under Ohio law, "the sealing of a record of conviction is a two-step process."  *State v. D.M.C.,* 10th Dist. No. 19AP-694, 2020-Ohio-3556, ¶ 7.  First, a court is required to "make a legal determination as to whether the applicant is an 'eligible offender' under the pertinent statute."  *Id.*  If an applicant does not qualify as an eligible offender, "a trial court lacks jurisdiction to grant the application."  *Id.* at ¶ 8, citing *State v. Dominy,* 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6.  Further, "[t]he question of '[w]hether an applicant is an "eligible offender" for purposes of an application to seal the record of a conviction is an issue that we review de novo.' "  *Id.,* quoting *State v. A.L.M.,* 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 9.

{¶ 14}  Second, if a court "finds the applicant to be an eligible offender, it must use its discretion to: (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records."  *Id.,* citing R.C. 2953.52(B)(2)(c) and (d).  This court applies "an abuse of discretion standard when reviewing a trial court's resolution of these issues."  *Id.,* citing *State v. Paige,* 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 5.

{¶ 15}  The provisions of R.C. 2953.31(A) define "who is an eligible offender."  *State v. Puckett*, 12th Dist. No. CA2020-11-065, 2021-Ohio-2634, ¶ 8.  Prior to an amendment in 2018, R.C. 2953.31 "limited the number of offenses an applicant could have to 'not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction.' "  *State v. R.P.*, 10th Dist. No. 19AP-36, 2019-Ohio-2540, ¶ 14, citing former R.C. 2953.31(A).

{¶ 16}  In 2018, R.C. 2953.31 was amended, with the amendment taking "effect on October 29, 2018."  *Id.* at ¶ 13.  Under the amendment, "the legislature added a second definition of 'eligible offender.' "  *Id.*  Specifically, the amendment expanded "the definition

of 'eligible offender' into two separate categories, R.C. 2953.31(A)(1)(a) and (A)(1)(b)." *Puckett* at ¶ 8. Under R.C. 2953.31(A)(1)(a), "eligible offender" was defined "as someone who had been convicted of no more than five felonies, 'if all of the offenses in this state are felonies of the fourth or fifth degree * * * and none of those offenses are an offense of violence[.]' " *Id.*

{¶ 17} At the time of the filing of appellant's application (i.e., August 8, 2019),[1] the applicable version of R.C. 2953.31 stated as follows:

> (A)(1) "Eligible offender" means either of the following:
>
> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;
>
> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

---

[1] Under Ohio law, "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. T.S.*, 8th Dist. No. 102648, 2017-Ohio-7395, ¶ 8, citing *State v. A.S.*, 8th Dist. No. 100358, 2014-Ohio-2187, ¶ 10, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶ 18} As noted under the facts, the state filed an objection to the application in this case, asserting appellant did not qualify as an eligible offender under R.C. 2953.31(A)(1)(a) because he had more than five felony convictions. The state further argued that, even though some of the felony convictions arose from the same indictment, R.C. 2953.31(A)(1)(a) contained no provision for the merging of convictions as allowed under R.C. 2953.31(A)(1)(b).

{¶ 19} During the subsequent hearing on the application, counsel for appellant argued that "[u]nder [R.C.] 2953.31(A)(1)(a) as revised, an individual can * * * have up to five felony convictions on their record." (Tr. at 2-3.) Counsel further argued that "felony convictions that arise out of the same plea are counted as one felony conviction." (Tr. at 3.) In response, the state argued, as it did in its objection, that the merger provisions of R.C. 2953.31(A)(1)(b) were not applicable to R.C. 2953.31(A)(1)(a). The trial court inquired at the hearing whether the prosecutor had "any case law * * * or any precedent on [R.C.] 2953.31(A)(1)[a] not merging or being applicable to [R.C.] 2953.31(A)(1)(b)?" (Tr. at 5.) The prosecutor, following a short recess, stated: "I just talked to our appellate unit, and our understanding of the law is that * * * 2953.31(A)(1)(a), does not contain the merger that (A)(1)(b) contains, so, because this is an (A)(1)(a) situation, we do not believe there is merger of offenses, and, therefore, [R.M.M.] is not an eligible offender." (Tr. at 7.)

{¶ 20} Subsequent to the trial court's decision in this case, this court addressed the issue of whether the merger provisions of R.C. 2953.31(A)(1)(b) "apply with equal force to the provisions of R.C. 2953.31(A)(1)(a)." *State v. T.M.R.,* 10th Dist. No. 19AP-434, 2020-Ohio-3555, ¶ 15. Under the facts in *T.M.R.,* the appellee filed (on March 29, 2019) an application to seal her record of convictions in three separate criminal cases. In the first case, the appellee entered a guilty plea to four counts of forgery, all felonies of the fourth degree. In the second case, she entered a guilty plea to one count of forgery, a felony of the fourth degree. In the third case, the appellee entered a guilty plea to six counts of forgery, all felonies of the fourth degree. Over the state's objection, the trial court granted the appellee's application and the state appealed that judgment.

{¶ 21} On appeal, the state argued the appellee did not meet the requirements to be considered an eligible offender under R.C. 2953.31(A)(1)(a). This court agreed, based on the fact the appellee "had more than five felony convictions." *T.M.R.* at ¶ 11. This court

next considered whether the appellee was an eligible offender under R.C. 2953.31(A)(1)(b). In addressing that issue, we noted the appellee did not contend that she qualified under R.C. 2953.31(A)(1)(b) but, instead, argued that the merger provisions set forth in R.C. 2953.31(A)(1)(b) applied equally to the provisions of R.C. 2953.31(A)(1)(a).

{¶ 22} In *T.M.R.,* this court observed that the trial court, in granting the application to seal the record of conviction, appeared to have "found the second merger provision under R.C. 2953.31(A)(1)(b) applied when counting the number of convictions for purposes of determining whether appellee is an eligible offender under R.C. 2953.31(A)(1)(a)." *Id.* at ¶ 15. This court reversed the judgment of the trial court, finding the appellee was not an eligible offender and held in part:

> Here, it is unnecessary to resort to rules of statutory construction, as the statute's meaning is clear and unambiguous. R.C. 2953.31(A)(1)(b) states that it applies "to whom division (A)(1)(a) of this section does not apply." Thus, it is clear that the merger provisions in R.C. 2953.31(A)(1)(b) are not meant to be considered for purposes of determining the number of felony convictions under R.C. 2953.31(A)(1)(a). Furthermore, the trial court incorrectly applied the second merger provision in finding that applied to appellee's "two or more convictions." * * * The second merger provision under R.C. 2953.31(A)(1)(b) applies under certain specified circumstances when the applicant has "two or three convictions," unlike the first merger alternative which allows for "two or more convictions" to merge if they "result from or are connected with the same act or result from offenses committed at the same time." * * * [A]ppellee had more than three convictions, and consequently cannot avail herself of the second merger provision under R.C. 2953.31(A)(1)(b).

*Id.* at ¶ 17.

{¶ 23} At least one other appellate district has followed this court's interpretation in finding the merger provisions of R.C. 2953.31(A)(1)(b) are not meant to be considered in determining eligibility under R.C. 2953.31(A)(1)(a). *See State v. B.J.,* 8th Dist. No. 109428, 2020-Ohio-5089, ¶ 19, citing *T.M.R.* at ¶ 17 (finding "the provisions in *subsection (b)* are only applicable once the court has determined a person is not eligible under *subsection (a)*," and citing *T.M.R.* for the proposition there is "no ambiguity" with the statute; "the merger

provisions in *subsection (b)* are not meant to be considered when determining eligibility under *subsection (a)*").  (Emphasis added.)

{¶ 24} Based on this court's precedent in *T.M.R.*, we find unpersuasive appellant's argument that he is entitled to take advantage of the merger provisions of R.C. 2953.31(A)(1)(b) in asserting he does not have more than five felonies for purposes of qualifying as an eligible offender under R.C. 2953.31(A)(1)(a).  Accordingly, we agree with the state that appellant, who had seven felony convictions and two misdemeanor convictions arising out of six different cases, did not qualify as an eligible offender under R.C. 2953.31(A)(1)(a).

{¶ 25} We also agree with the state that appellant did not qualify as an eligible offender under R.C. 2953.31(A)(1)(b), as he had more than one felony conviction, and more than one felony and one misdemeanor conviction, nor did he qualify as an eligible offender after taking into consideration the two merger provisions of R.C. 2953.31(A)(1)(b).[2] Accordingly, based on this court's de novo review, because appellant did not qualify as an eligible offender, the trial court lacked jurisdiction to consider his application.

{¶ 26} Appellant also contends the trial court erred in failing to render necessary findings in denying his application.  In support, appellant cites two appellate court decisions, *State v. Bates,* 5th Dist. No. 03-COA-057, 2004-Ohio-2260, and *In re Fuller,* 10th Dist. No. 11AP-579, 2011-Ohio-6673, in which the Fifth District and this court addressed the issue of findings under R.C. 2953.32(C).

{¶ 27} In general, R.C. 2953.32(C)(1) requires a trial court to determine: "(1) whether the applicant is a first [now eligible] offender;[3] (2) whether criminal proceedings are pending against the applicant; (3) whether the applicant has been rehabilitated to the satisfaction of the court; and (4) whether the prosecutor has filed an objection and, if so, to consider the prosecutor's reasons for the objection." *State v. Shaffer,*

---

[2] Under the first merger provision of R.C. 2953.31(A)(1)(b) "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b) alternatively provides for merger when "two or three convictions result from the same indictment, * * * from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result the same act or from offenses committed at the same time."

[3] The statute now references the term "eligible offender" rather than "first offender."  *See State v. N.J.,* 10th Dist. No. 17AP-73, 2017-Ohio-7089, ¶ 18, fn. 3 (noting that in 2011 the General Assembly amended "R.C. 2953.31 and 2953.32 to replace the term 'first offender' with 'eligible offender' ").

11th Dist. No. 2009-G-2929, 2010-Ohio-6565, ¶ 12.  A trial court must also "weigh the interest of the applicant in having the record of his conviction sealed against the legitimate need of the government to maintain it."  *Id.*  Finally, "[i]f the trial court determines that the applicant's interest in having the record of his conviction sealed is equal to or greater than the government's need to maintain the record, then the trial court is required to issue an order sealing it."  *Id.,* citing R.C. 2953.32(C)(1)(e) and (C)(2).

{¶ 28}  As noted, appellant relies on *Bates* and *Fuller* in support of his contention the trial court erred in failing to render proper findings.  In both of those cases, however, the defendant qualified as a first (i.e., now eligible) offender.  *See Bates* at ¶ 25 (noting trial court "specifically found that appellant was a first time offender"); *Fuller* at ¶ 8 ("In the case before us, it was conceded appellee was a first offender.").  Thus, the issue of whether the trial court made appropriate findings in those cases was directed at those provisions of R.C. 2953.32(C) requiring a trial court, after initially determining whether the applicant qualifies as a first offender, to further determine whether such applicant "has been rehabilitated to the court's satisfaction," and further requiring the court to engage in a weighing of the applicable interests of the parties. *Fuller* at ¶ 8, citing R.C. 2953.32(C)(1)(d). *See also Bates* at ¶ 25 (noting trial court "never made any findings * * * regarding appellant's interest in having the record sealed or the government's need to maintain those records and regarding whether appellant had been rehabilitated to the satisfaction of the court").

{¶ 29}  Accordingly, we do not find appellant's reliance on *Bates* and *Fuller* to be dispositive of his contention the trial court erred in failing to provide adequate findings in its entry denying the application.  On this issue, we note appellate courts have not interpreted R.C. 2953.32 to require specific findings in the judgment entry.  *See, e.g., State v. Johnson*, 7th Dist. No. 06 MA 188, 2008-Ohio-1183, ¶ 15 (noting R.C. 2953.32 "requires the court to take a number of steps, but it does not require the court to record findings"); *State v. Smith*, 8th Dist. No. 91853, 2009-Ohio-2380, ¶ 12, fn. 5 ("we reject any notion that R.C. 2953.32 mandates the trial court to include its findings in the judgment entry").

{¶ 30}  Further, "a lack of express findings is harmless error when it does not prevent an appellate court from actually reviewing the issues on appeal."  *Johnson* at ¶ 16.  Thus, reviewing courts have found no abuse of discretion arising from a trial court's "simple entry" denying an application where the court's reasoning is ascertainable from the record,

including the transcript of proceedings. *Smith* at ¶ 12. *See also Johnson* at ¶ 17 (where record indicates appellant had a prior conviction and did not qualify as a first offender, any failure by trial court to "state the obvious in its judgment entry would be harmless error at most because the court's reasoning is apparent from other parts of the record"); *State v. Gomez,* 3d Dist. No. 4-20-12, 2021-Ohio-1357, ¶ 18 (where trial court's reasoning was clear from transcript of proceeding, appellate review was "not hampered by the simple entry denying [the] application"); *State v. Derison,* 8th Dist. No. 95225, 2011-Ohio-1570, ¶ 11 (overruling appellant's assignment of error asserting trial court failed to make necessary findings in journal entry where appellant was not eligible for expungement under statute).

{¶ 31} In the present case, as set forth above, appellant did not qualify as an eligible offender under either R.C. 2953.31(A)(1)(a) or (b). Further, the record indicates the arguments presented to the trial court by counsel for appellant and the state focused on the issue whether the merger provisions of R.C. 2953.31(A)(1)(b) were applicable to R.C. 2953.31(A)(1)(a) such that appellant qualified as an eligible offender (under R.C. 2953.31(A)(1)(a)) despite his multiple felony convictions. As previously noted, the trial court inquired during the hearing whether the prosecutor was aware of "any case law * * * or any precedent on [R.C.] 2953.31(A)(1)[a] not merging or being applicable to [R.C.] 2953.31(A)(1)(b)?" (Tr. at 5.) The trial court indicated it would "take this matter under advisement" to consider, based on the legislative changes in 2018, "whether or not having two different sections for eligible offender to expand the definition the legislature intended that that merger would no longer come into effect." (Tr. at 8-9.)

{¶ 32} Upon review, the trial court's summary denial of the application in the judgment entry did not hamper this court's review of the relevant issues, including whether the trial court erred in denying the application. Because appellant did not qualify as an eligible offender, any purported error by the trial court in failing to state such fact in the judgment entry is harmless at most. *Johnson* at ¶ 17.

{¶ 33} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.

_____